# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

TAMINCO NV,

    Plaintiff,

vs.                                          CASE NO. 3:08cv135/RS/EMT

GULF POWER COMPANY,

    Defendant.

_____/

## ORDER

Before me are Plaintiff's Motion for Summary Judgment (Doc. 16) and Defendant's Motion for Summary Judgment (Doc. 28).

### I. STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). The "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial."

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (*quoting* Advisory Committee Note to 1963 Amendment of Fed. R. Civ. P. 56(e)).  A factual dispute is "'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).  A fact is "material" if it "might affect the outcome of the suit under the governing [substantive] law." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992).

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251, 106 S. Ct. at 2512.  The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S. Ct. 1598, 1608, 26 L. Ed. 2d 142 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993); *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).  Thus, "[i]f reasonable minds could differ on the inferences arising from undisputed

facts, then a court should deny summary judgment." *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (*citing Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)).  However, "[a] mere 'scintilla' of evidence supporting the [nonmoving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (*citing Anderson*, 477 U.S. at 251, 106 S. Ct. at 2511).

## II. FACTS

On September 30, 1997, Defendant entered into the Cogeneration and Energy Services Agreement ("Agreement") with Air Products Chemicals, Inc.  The Agreement has a term of twenty years.  Air Products Chemicals, Inc. assigned its rights, title, and interest in the Agreement to Plaintiff with Defendant's consent on December 12, 2006.  Plaintiff operates the chemical manufacturing plant near Pace, Florida.  Defendant supplies certain energy services to Plaintiff, including thermal energy.

The Agreement provides Plaintiff a first right to all thermal energy output from Defendant's Cogeneration Facility.  At issue is whether Plaintiff has the right, under the Agreement, to terminate its first right. The Agreement states, in relevant part, as follows:

2.2     In return for the supply of fuel required to operate the Cogeneration Facility as provided for under Article 6 below and payment of the Cogeneration Services Charge ("CSC") set forth in section 8.1 below, [Plaintiff] shall be entitled to the first right to all thermal energy output of the combustion turbines ("CTs") that comprise the Cogeneration Facility. Such thermal energy output shall be used by [Plaintiff], at its discretion, to heat process water in the Heat Recovery Steam Generators ("HRSGs") for the purpose of producing steam for [Plaintiff]'s use or other disposal. Payment of the CSC shall further afford [Plaintiff] the option to provide additional volumes of natural gas to the Cogeneration Facility through auxiliary firing if the HRSGs in order to increase the amount of steam generated by the Cogeneration Facility for [Plaintiff]'s use or other disposal. The parties expect that auxiliary firing shall be accomplished by an automatically control system provided by [Plaintiff] that senses the need for more steam and automatically fires more natural gas in the Cogeneration Facility. Subject to [Plaintiff]'s first right to all thermal energy output from the combustion turbines, [Defendant] retains the right to sell steam to third parties.

### III. ANALYSIS

While a court may rely on parol evidence to explain or clarify an ambiguity in a contract, the court will not look beyond the four corners of the document to determine the parties' intent where the essential terms of a contract are unambiguous. *Ellinger v. U.S.*, 470 F.3d 1325 (11th Cir. 2006).  Both parties agree that this matter involves the interpretation of clear and unambiguous terms of a complete and integrated written agreement.  The Agreement contains a merger and integration clause.  In addition, the language of the Agreement is clearly written and unambiguous.  Under Florida law, when contract terms are clear and unambiguous, court must give effect to plain meaning of such terms. *National R.R.*

*Passenger Corp. (Amtrak) v. Rountree Transport and Rigging, Inc.*, 422 F.3d 1275, 1284 (11th Cir. 2005).  Contract interpretation is generally question of law, and questions of fact arise only when ambiguous contract term forces court to turn to extrinsic evidence of parties' intent. *Lawyers Title Ins. Corp. v. JDC (America) Corp.,* 52 F.3d 1575, 1580 (11th Cir. 1995).  This matter is appropriate for summary judgment in favor of Defendant based on the plain meaning of the terms of the Agreement.

    Plaintiff argues that it has the right to waive its first right to thermal energy and cease paying the monthly charge because there is no provision in the Agreement requiring it to retain its first right for the full 20-year term.  The Agreement states, "Subject to [Plaintiff]'s first right to all thermal energy output from the combustion turbines, [Defendant] retains the right to sell steam to third parties."  Plaintiff contends this term of the Agreements expressly gives Plaintiff the right to terminate or not exercise its first right.  Plaintiff points to another section of the Agreement that specifically requires Plaintiff and Defendant to meet certain obligations "during the term of this Agreement."  Plaintiff asserts that if the first right was to remain in effect for the "term of this Agreement," the parties would have stated it clearly as they did for the separate obligation.

Defendant argues that Plaintiff may choose not to exercise its first right, but it does not have the right to terminate its obligation.  Defendant maintains that nowhere in the Agreement does it state that Plaintiff's obligation to pay the monthly charge is conditioned on Plaintiff's desire to continue to have its first right.  Defendant correctly interprets, "Subject to [Plaintiff]'s first right to all thermal energy output from the combustion turbines, [Defendant] retains the right to sell steam to third parties," to mean that Defendant can choose to sell the steam to a third party if Plaintiff does not exercise its first right.   Defendant further points out that the Agreement does not state that Plaintiff has the right to unilaterally terminate its first right, and if the parties intended Plaintiff to have such an important right, the Agreement would have expressly stated it.

There are numerous provisions of the Agreement to support Defendant's argument.  Section 8.1 states, "For the first right to all thermal energy output from the Cogeneration Facility, [Plaintiff] shall pay to [Defendant] a…charge determined monthly…"  Section 15 states that the term of the Agreement is, "in full force and effect for a period ending on the twentieth anniversary…"  While Plaintiff accurately states that there is not a statement specifically requiring the first right to be in effect for the full twenty years, the Agreement as a whole is in

effect for twenty years.  A separate statement specifically requiring each term to be in effect for the twenty year period is not required.

In section 3.9, the Agreement specifically gives Plaintiff the right to unilaterally terminate the Agreement in limited circumstances.  The limited circumstances allowing Plaintiff to terminate the Agreement do not include Plaintiff's no longer exercising its first right.  This provision also shows the parties' intent as to when the contract could be unilaterally terminated.  Had the parties' intended to give Plaintiff the right to unilaterally terminate a term of the Agreement, this provision shows that they would have expressly stated it.  It is also important to point out that even if the limited circumstances occur allowing Plaintiff to unilaterally terminate the Agreement, Plaintiff must pay a predetermined amount to Defendant in order to complete the termination of the Agreement.  This shows that the parties had no intent to give Plaintiff the right to unilaterally terminate payment to Defendant.

Article 10 allows for suspension of a party' obligation in the case of a Force Majeure.  The article specifically defines a Force Majeure and states that it does not include "changes in the…operations…"  The fact that Plaintiff no longer needs thermal energy output from the Defendant is a change in operation.  This

Agreement takes into consideration the change in Plaintiff's operations and specifically states that the Agreement remains in effect.

Based on the sophistication of this Agreement and the fact that the right to unilaterally terminate the Agreement is an extraordinary and powerful right, if it was the parties' intent to give this right, it would have been expressly stated.  The Agreement does not expressly state that Plaintiff has the right to unilaterally terminate its first right.  In addition, there are numerous provisions showing that it was not the intent of the parties to give this powerful right to either party.  Therefore, the plain meaning of the Agreement shows that Plaintiff does not have the right to terminate its first right prior to the expiration of the Agreement.  While Plaintiff may choose not to exercise its exclusive right, its obligations and duties cannot be terminated unilaterally.  This matter is appropriate for summary judgment in favor of Defendant based on the plain meaning of the terms of the Agreement.

## IV. CONCLUSION

Plaintiff's Motion for Summary Judgment (Doc. 16) is **DENIED**. Defendant's Motion for Summary Judgment (Doc. 28) is **GRANTED**.  Plaintiff's Motion and Incorporated Memorandum of Law to Stay and Extend Discovery

Pending the Outcome of the Parties' Cross Motions for Summary Judgment (Doc. 34) is **DENIED AS MOOT**.  The clerk is directed to close the file.

  **ORDERED** on October 21, 2008.

           /S/ Richard Smoak
           **RICHARD SMOAK**
           **UNITED STATES DISTRICT JUDGE**